UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY ANN LALONDE,<br><br>Plaintiff,<br><br>v.<br><br>C R BARD INCORPORATED, et al.,<br><br>Defendants. | Case No. 1:19-cv-01516-DAD-BAM<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST TO REOPEN GENERAL DISCOVERY**<br><br>(Doc. Nos. 27, 28) |

This case was transferred to this Court on October 17, 2019, from a multidistrict litigation proceeding ("MDL") before Senior District Judge David G. Campbell in the United States District Court for the District of Arizona involving personal injury cases brought as a result of certain inferior vena cava ("IVC") filters manufactured by Defendants C R Bard Incorporated and Bard Peripheral Vascular Incorporated ("Defendants"). (Doc. Nos. 3, 4.)

Currently before the Court is Plaintiff Judy Ann LaLonde's ("Plaintiff") request to reopen general discovery regarding Defendants' IVC filters. (Doc. No. 27.) On December 13, 2019, the parties submitted a Joint Scheduling Report stating that there was a dispute between the parties as to the scope of discovery in this action, as Defendants contended discovery should be limited solely to case-specific facts and Plaintiff sought to obtain discovery regarding studies published after the close of fact discovery in the MDL. (Doc. No. 21 at 5-6.) The Court held a conference on December 20, 2019, and the parties agreed to submit further briefing on the matter. (Doc. No. 23.) Plaintiff submitted her brief on January 10, 2020, and Defendants submitted a responsive brief on January 17, 2020. (Doc. Nos. 27, 28.) The Court found the matter suitable for decision without the need for oral argument and the matter was taken under submission and decided on the papers. (Doc. No. 23.)

1

The Suggestion of Remand and Transfer Order explains that the plaintiffs "conducted substantial common discovery against Bard concerning all aspects of Bard IVC filters, including the design, testing, manufacturing, marketing, labeling, and post-market surveillance of these devices" prior to the establishment of the MDL and "[t]he pre-MDL general fact discovery was made available . . . to all Plaintiffs in the MDL." (Doc. No. 3 at 9.) The MDL was then "formed to centralize all pretrial proceedings and complete all common fact and expert discovery concerning Bard IVC filters" and this purpose was fulfilled through the conduct of additional general discovery in multiple phases. (Doc. No. 3 at 9-10.) According to the Suggestion of Remand and Transfer Order, at the time of transfer to this Court, all general, common fact and expert discovery had been completed in the MDL and therefore "the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery." (Doc. No. 3 at 2-3, 11, 32-32.) However, Judge Campbell noted that "[t]his observation is not meant to restrict the power of transferor courts for good cause or in the interest of justice to address issues that may be unique and relevant in remanded or transferred cases." (*Id.* at 33.)

Plaintiff seeks to obtain discovery regarding "several published articles and medical studies addressing the safety and efficacy of IVC filters, the most recent one published in the July 2019 edition of the New England Journal of Medicine." (Doc. No. 27 at 2.) Plaintiff points to the authors' conclusion that there is no statistically-significant improvement in the outcomes of patients implanted with IVC filers as compared to those without IVC filters. (*Id.*) Plaintiff seeks to conduct depositions of key Bard witnesses involved in the analysis, review and responses to these articles, and seeks documents related to Bard's analysis, review and responses of these medical studies. (Doc. No. 27 at 2.) Plaintiff also seeks the ability to supplement the general liability opinions of MDL experts as to the efficacy of IVC filters, including the opinions of Dr. Streiff and/or Dr. Garcia. Plaintiff argues the evidence is relevant to design defect, failure to warn, and punitive damages. (Doc. No. 27 at 3-4.)

The discovery Plaintiff seeks is general, common fact and expert discovery that was completed in the MDL pursuant to the Suggestion of Remand and Transfer Order. As this Court has said to prior similar requests by other Plaintiffs in these related actions, "Plaintiff's request

would seem to undermine the very purpose of MDL proceedings, which is to coordinate and complete shared pretrial matters such as generic discovery." (*David Todd v. C R. Bard, Inc., et al.,* Case No. 1:19-cv-01226-DAD-BAM, Doc. No. 34.) See *Harris v. Wyeth, Inc.*, No. 04 CIV. 7615 NRB, 2012 WL 2317338, at *1 (S.D.N.Y. June 15, 2012) (citing 17 Moore's Federal Practice § 112.07 (3d ed. 2012) ("The transferee court [in an MDL] has the power to manage discovery. The key purpose of the multidistrict litigation statute is to provide the transferee judge with the discretion to develop an effective and efficient pretrial program.")). The Multi District Litigation Act is intended to "promote the just and efficient conduct of [] actions" through "coordinated or consolidated pretrial proceedings." *See* 28 U.S.C § 1407.

As Defendants note, "one of the plaintiffs' primary themes during the bellwether trial was the Bard's IVC filters are not safe or effective . . . allowing the reopening of 'common discovery' in the remanded cases every time a new IVC filter article is published would effectively extend common discovery forever in every remand case." (Doc. No. 28 at 3.)

Plaintiff argues that the discovery she seeks is discovery which was not available when the MDL discovery closed. The discovery described in Plaintiff's briefing, however, is common discovery that is not unique to the facts of this case, as the proposed discovery deals with filter safety and efficacy which were addressed fully during generic discovery.

In remanded cases in other districts, where Plaintiffs have made similar requests to reopen general discovery, courts have denied the requests to reopen, but permitted two exceptions to discovery. (Doc. 28 at 2); *see e.g.*, *Caldera v. C. R. Bard, Inc., et al.*, 2:19-cv-04266-DGC, Doc. 8 (D. Ariz. Jan. 10, 2019) (denying request with two narrow exceptions), *Nava v. C. R. Bard, Inc., et al.*, 4:19-cv-05675-JST, Doc. 46 (N.D. Cal. Jan. 16, 2020) (denying request in all six related actions, but adopting two narrow *Caldera* exceptions). These courts did not reopen general fact or expert discovery, but permitted two narrow exceptions: (a) Defendants shall timely supplement their disclosures of adverse event data; and (b) any new medical literature published since 2017 may be added to the reliance lists of general experts, and the general experts may expand their trial testimony from the MDL to include a discussion of such new literature. *Id.*

Defendant here argues that permitting these "two narrow exceptions" is proportional and

efficient. (Doc. 28 at 3.) The Court agrees. These narrow exceptions will be permitted in the related Bard cases.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's request to reopen general discovery DENIED;

2. General discovery is limited to two narrow exceptions: (a) Defendants shall timely supplement their disclosures of adverse event data; and (b) any new medical literature published since 2017 may be added to the reliance lists of general experts, and the general experts may expand their trial testimony from the MDL to include a discussion of such new literature. With these narrow exceptions, discovery in this case will be limited to Plaintiff-specific issues; and

3. The parties in the related remanded cases may submit stipulations in each case to permit the discovery in the two narrow exceptions identified in this order.

IT IS SO ORDERED.

Dated: **February 7, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE